UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELBY BENTLEY,

    Plaintiff,

-vs-                                      CASE NO.:

TRANS UNION LLC,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KELBY BENTLEY (hereinafter "Plaintiff"), sues Defendant, TRANS UNION LLC ("Trans Union"), in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures

designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of DeSoto Parish County in the State of Louisiana. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as the Defendant's principal place of business is within this District, the violations described in this Complaint occurred in this District.

9. Trans Union is a corporation incorporated under the State of Illinois, whose principal address is 555 West Adams, Chicago, Illinois 60661.

10. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

11. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. Plaintiff was incarcerated from April of 2021 to February of 2022.

13. A Verizon Wireless account was opened under Plaintiff's name on June 22, 2021, which occurred during her incarceration. Plaintiff did not authorize for this account to be opened on her behalf nor knew about the account until after her release.

14. Subsequently after finding out about the fraudulent Verizon Wireless account being listed on her credit monitoring app, she communicated with Trans Union that this account did not belong to her.

15. Despite informing Trans Union that the Verizon Wireless account did not belong to Plaintiff, the Defendant continued to report the account. Due to this Plaintiff was left feeling hopeless and defeated.

16. On January 10, 2023, Plaintiff obtained a copy of her Trans Union credit report, and upon review, the Verizon Wireless account continued to be reported. This account was reported with a pay status of "Collection" with a past due balance of $1,263. Such information negatively impacted Plaintiff's credit.

17. In response to the inaccurate reporting, Plaintiff mailed Trans Union a detailed dispute letter on January 31, 2023. In the dispute letter, Plaintiff informed Trans Union that during the time of the erroneous account being opened, she was incarcerated and never consented or knew about the account. In the dispute letter, Plaintiff provided a copy of her driver's license to confirm her identity. Also included were images of her credit report, other fraudulent activity that occurred from unrelated matters, images confirming her incarceration and release date, and the filed Federal Trade Commission Identity Theft Report.

18. Plaintiff mailed the dispute letter to Trans Union via USPS Certified Mail 9505 5141 6929 3031 3420 73.

19. On March 4, 2023, Trans Union responded to Plaintiff's dispute by stating, "We investigated the information you disputed and the disputed information was VERIFIED AS ACCURATE." Trans Union failed to conduct any independent investigation.

20. On March 27, 2023, Plaintiff obtained a copy of her Trans Union credit report and became aware that the Defendant continues to report the erroneous Verizon Wireless account. The pay status as "Collection" with a past due balance of $1,263. Such reporting continued to negatively affect Plaintiff's credit.

21. In response to the continued inaccurate reporting by Trans Union, Plaintiff mailed another detailed dispute letter via regular mail on April 3, 2023. In the dispute letter, Plaintiff informed Trans Union that during the time of the erroneous account being opened, she was incarcerated and never consented or knew about the account. In the dispute letter, Plaintiff provided a copy of her driver's license to confirm her identity. Also included were images of her credit report, other fraudulent activity, images confirming her incarceration and release date, and the updated filed Federal Trade Commission Identity Theft Report. Additionally, Plaintiff included the Trans Union response where they verified the account as being accurate.

22. To date Plaintiff has not received a response from Trans Union concerning her April 2023 dispute.

23. Trans Union has never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of this Complaint with Trans Union's reluctance to conduct a thorough investigation.

24. Trans Union simply continues to parrot of the back of the furnisher and has not conducted an actual investigation despite Plaintiff's many pleas.

25. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her credit;

    ii. Loss of time attempting to cure the errors; Plaintiff has spent money sending the dispute letters to Trans Union.

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is physically being affected by Trans Union's errors.

    iv. Reduction in credit score;

    v. Apprehensiveness to apply for credit due to the fear of rejection.

## COUNT I
### Violation of 15 U.S.C § 1681e(b)- As to Defendant, Trans Union LLC

26. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-five above.

27. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Trans Union allowed for Verizon Wireless to report inaccurate information on an account. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling

witnesses with knowledge about the dispute. Trans Union uses a vendor to handle disputes like Plaintiff's. Trans Union or its vendor, do not afford the dispute investigators the ability to access the internet to search public records.

28. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and fear of applying for credit.

29. Trans Union's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiffs to recover actual damages under 15 USC § 1681o.

30. Trans Union violated its own policies and procedures by not deleting the disputed Verizon Wireless account after Plaintiff provided sworn testimony to the Federal Trade Commission of the fraud.

31. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Trans Union, to Plaintiff, award

7

Plaintiff her attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C § 16811i- As to Defendant, Trans Union LLC

32. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-four above.

33. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Trans Union is aware that Plaintiff was incarcerated during the time the account was opened. Trans Union has failed to do any independent investigation despite Plaintiff provided proof of her inability to have opened the account.

34. Trans Union's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

35. Trans Union took no independent action to investigate the dispute. Trans Union received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Verizon Wireless.

36. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Trans Union, jointly and severally; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendant; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

DATED this 26th day of April 2023.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*

***Taylor L. Kosla***
(IL Bar No. 6327180)
Taylor L. Kosla
Agruss Law Firm, LLC
4809 N. Ravenswood Ave,
Suite 419
Chicago, IL 60640
Tel: (312) 224-4695
taylor@agrusslawfirm.com
*Attorney for Plaintiff*